# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| DAVID POWELL, | : | |
| Plaintiff, | : | |
| v. | : | Case No. 5:18-cv-00331-TES-MSH |
| WARDEN BERRY, *et al.*, | : | |
| Defendants. | : | |

## ORDER

This case is currently before the United States Magistrate Judge for screening as required by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A(a). Plaintiff David Powell, an inmate currently confined at Ware State Prison, filed a complaint (ECF No. 1) on September 10, 2018, seeking relief under 42 U.S.C. § 1983. He also moved to proceed *in forma pauperis* ("IFP") but failed to submit a copy of his inmate trust account statement as required by 28 U.S.C. § 1915(b). Mot. for Leave to Proceed IFP, ECF No. 2. On October 24, 2018, the Court directed Plaintiff to recast his Complaint to include additional factual information, and file a certified copy of his inmate trust account statement in support of his IFP motion. Order 1, 3, 5, ECF No. 5. Plaintiff timely responded on November 21, 2018. Recast Compl., ECF No. 6; Mot. for Leave to Proceed IFP, ECF No. 7. Plaintiff's second motion to proceed IFP (ECF No. 7) is **GRANTED**[1]

---

[1] Plaintiff's first motion for leave to proceed *in forma pauperis* ("IFP") (ECF No. 2) is **DENIED** as moot.

1

and this case is now ripe for review.

Upon review, Plaintiff may proceed with his Eighth Amendment deliberate indifference to serious medical needs claims against Defendants Smith and Thomas. However, it is **RECOMMENDED** that Plaintiff's claims against Defendants Berry, Smith, Spike, King, and Brown be **DISMISSED WITHOUT PRJEUDICE.**

I.  **Motion to Proceed IFP**

28 U.S.C. § 1915 allows the district courts to authorize the commencement of a civil action without prepayment of the normally-required fees upon a showing that the plaintiff is indigent and financially unable to pay the filing fee. A prisoner seeking to proceed IFP under this section must provide the district court with both (1) an affidavit in support of his claim of indigence and (2) a certified copy of his prison "trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint." § 1915(a)(1)-(2).

Here, Plaintiff's pauper's affidavit and inmate account statement show that he is currently unable to prepay the Court's $350.00 filing fee.[2] Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 7) is thus **GRANTED**. Plaintiff, however, is still obligated to pay the full balance of the filing fee, in installments, as set forth in § 1915(b)

---

[2] Plaintiff failed to submit a signed account certification as directed. However, a printout showing part of the transactional history of Plaintiff's inmate trust account reveals that he has a current spendable balance of $0.00 and his account has not received a deposit since December 2017. Mot. for Leave to Proceed IFP 3-5, ECF No. 7; *see also Smith v. Ga. Bd. of Pardons and Paroles*, 160 F. App'x 836, 839 (11th Cir. 2005) ("[S]hould the prisoner have a $0 balance in his account, then the initial filing fee is set at zero.") (citing *Wilson v. Sargent*, 313 F.3d 1315, 1318 (11th Cir. 2000))).

and explained below. It is accordingly requested that the **CLERK** forward a copy of this **ORDER** to the business manager of the facility in which Plaintiff is incarcerated so that withdrawals from his account may commence as payment towards the filing fee. The district court's filing fee is not refundable, regardless of the case's outcome, and must be paid in full even if the Plaintiff's Complaint (or any part thereof) is dismissed prior to service.

A. Directions to Plaintiff's Custodian

It is hereby **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the PLRA, Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00. It is further **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against her prior to the collection of the full filing fee.

B. Plaintiff's Obligations Upon Release

An individual's release from prison does not excuse their prior noncompliance with the PLRA. In the event Plaintiff is hereafter released from the custody of the State of

Georgia or any county thereof, he shall remain obligated to pay those installments justified by the income to his prisoner trust account while he was still incarcerated. Collection from Plaintiff of any balance due on these payments by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit such payments. Plaintiff's Complaint is subject to dismissal if he has the ability to make such payments and fails to do so.

## II. Preliminary Review of Plaintiff's Complaint

### A. Standard for Preliminary Review

Because Plaintiff is a prisoner proceeding IFP and seeking relief under 42 U.S.C. § 1983, his Complaint is subject to screening under 28 U.S.C. §§ 1915(e) and 1915A, which require a district court to dismiss any complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted.[3] During preliminary review, the district court must accept all factual allegations in the complaint as true and make all reasonable inferences in the plaintiff's favor. *See Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004) (stating that allegations in the complaint must be viewed as true). *Pro se* pleadings are "held to a less stringent standard than pleadings drafted by attorneys," and a *pro se* complaint is thus "liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). The district court, however, cannot allow a plaintiff

---

[3] The Eleventh Circuit determined that "28 U.S.C. § 1915(e), which governs proceedings *in forma pauperis* generally . . . permits district courts to dismiss a case at any time if the complaint 'fails to state a claim on which relief may be granted.'" *Robinson v. United States*, 484 F. App'x 421, 422 n.2 (11th Cir. 2012) (per curiam).

to litigate frivolous, conclusory, or speculative claims. As part of the preliminary screening, the court shall dismiss a complaint, or any part thereof, prior to service, if it is apparent that the plaintiff's claims are frivolous or if his allegations fail to state a claim upon which relief may be granted—i.e., that the plaintiff is not entitled to relief based on the facts alleged. *See* 28 U.S.C. § 1915(e); 28 U.S.C. § 1915A.

To state a viable claim, the complaint must include "enough factual matter" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). There must also be "enough facts to raise a reasonable expectation that discovery will reveal evidence" to prove the claim. *Id*. at 556. The claims cannot be speculative or based solely on beliefs or suspicions; each must be supported by allegations of relevant and discoverable fact. *Id*. Thus, neither legal conclusions nor a recitation of legally relevant terms, standing alone, is sufficient to survive preliminary review. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'") (quoting *Twombly*, 550 U.S. at 555). Claims without an arguable basis in law or fact will be dismissed as frivolous. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *accord Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (noting that claims are frivolous if "clearly baseless" or based upon "indisputably meritless" legal theories).

B.     Plaintiff's Claims[4]

The events underlying this lawsuit concern Plaintiff's ongoing medical treatment at Central State Prison. According to Plaintiff, he suffers skin irritation, discoloration, swelling, and pain as result of a medical condition he has endured since 2015. Recast Compl. 5, ECF No. 6. Plaintiff attributes the genesis of his skin condition to sheets he obtained from the prison laundry. Compl. 5, ECF No. 1. After sleeping on them, Plaintiff experienced itching and "put in a sick call to see the doctor." *Id.*; Recast Compl. 5. Defendant Brown and an unidentified doctor determined that Plaintiff suffered from scabies. They placed Plaintiff in isolation and treated him with "cream" for twenty-four hours. Recast Compl. 5. Plaintiff suffered an allergic reaction to the Benadryl and blacked out. *Id.* The cream was ineffective at treating his skin condition. *Id.*

At some point not specified in his Complaint, Plaintiff filed a grievance concerning his medical care. Shortly thereafter, Warden Thomas "called [Plaintiff] to his office and asked [Plaintiff] to drop the grievance" saying he "would get [Plaintiff] the medical treatment [Plaintiff] needed." Recast Compl. 5. The "head nurse" at Central State

---

[4] Plaintiff previously filed a civil rights complaint based on a portion of the same facts involved in this case. *See Powell v. Berry*, 5:18-cv-00234-MTT-CHW (M.D. Ga. October 10, 2018). The Court dismissed Plaintiff's complaint for failure to state a claim under 28 U.S.C. § 1915A. *Id.* (order of dismissal). There, Plaintiff alleged that he had an allergic reaction to Benadryl, was treated for scabies, and medical personnel later recognized that Plaintiff did not suffer from scabies. *Id.* (Report and Recommendation). Plaintiff did not provide further information regarding continuing symptoms, ongoing treatment, or medical personnel's knowledge of Plaintiff's condition following that treatment. *Id.*

Prison, Defendant Smith, also informed Plaintiff that Plaintiff would be sent to a dermatologist for specialist treatment. *Id*.

Plaintiff's allegations implicate an Eighth Amendment deliberate indifference to serious medical needs claim. "It is well settled that the deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *McElligott v. Foley*, 182 F.3d 1248, 1254 (11th Cir. 1999). "However, not 'every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment.'" *Id*. (quoting *Estelle v. Gamble*, 429 U.S. 97, 105 (1976)). To state a deliberate indifference to serious medical needs claim under the Eighth Amendment, "a plaintiff 'must satisfy both an objective and a subjective inquiry.'" *Valderrama v. Rousseau*, 780 F.3d 1108, 1116 (11th Cir. 2015) (quoting *Bozeman v. Orum*, 422 F.3d 1265, 1272 (11th Cir. 2005)). The objective inquiry may be met by showing an "objectively serious medical need," and the subjective inquiry may be met by showing "that the prison official acted with an attitude of deliberate indifference to that serious medical need." *Farrow v. West,* 320 F.3d 1235, 1243 (11th Cir. 2003).

Although Plaintiff's allegations are brief and his timeline of events contains significant gaps, he suffers from an ongoing condition causing pain, swelling, itching and other problems which medical professionals have allegedly acknowledged requires treatment. Plaintiff, therefore, adequately alleges a serious medical need at this stage of the proceedings. *See Mann v. Taser Int'l, Inc*., 588 F.3d 1291, 1306 (11th Cir. 2009) ("A

serious medical need is 'one that has been diagnosed by a physician as mandating treatment.'" (quoting *Hill v. DeKalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1187 (11th Cir. 1994))); *see Logan v. Clarke*, 119 F.3d 647 (8th Cir. 1997) (observing that a painful fungal skin infection may constitute a serious medical need); *see also McBride v. Houston Cty. Health Care Auth.*, 658 F. App'x 991, 997 (11th Cir. 2016) (finding genuine issue of material fact as to whether inmate-plaintiff's painful and worsening skin condition constituted a serious medical need).

Medical negligence or mere disagreement with a medical provider's judgment are insufficient to establish deliberate indifference. *Coney v. Grayer*, 195 F. App'x 847, 849 (11th Cir. 2006) (per curiam); *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) ("Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances."). Plaintiff's claims that he was misdiagnosed with scabies and received ineffective treatment are, therefore, insufficient to establish that Defendants acted with deliberate indifference. But, the fact that an inmate has received some treatment does not necessarily mean the inmate has been provided with constitutionally adequate treatment. *See De'lonta v. Johnson*, 708 F.3d 520, 526 (4th Cir. 2013), and

Plaintiff alleges he has suffered from the same underlying condition for the past three years despite his requests for treatment. Liberally construing his Complaint, Plaintiff also alleges that both Defendants Thomas and Smith are aware of Plaintiff's

8

ongoing medical condition and that his condition persists despite whatever treatment he has received, but refuse to provide Plaintiff with the required treatment. Plaintiff's allegations thus support a plausible inference that Defendants Thomas and Smith acted with deliberate indifference. *See Inmates of Allegheny Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979) (observing that denying an inmate "access to a physician capable of evaluating the need for" treatment may violate *Estelle*); *Parzyck v. Prison Health Servs., Inc.*, 290 F. App'x 289, 291 (11th Cir. 2008) (per curiam) (denying consult with specialist may amount to an Eighth Amendment violation in face of inmate's worsening medical condition, repeated requests for the consultation, and doctor's recommendation for the consult).

### 1. Defendant Brown

Although Plaintiff's allegations are sufficient to state a claim against Defendants Smith and Thomas, Plaintiff has failed to allege that Defendant Brown acted with deliberate indifference. Plaintiff alleges that Defendant Brown provided Plaintiff Benadryl, which caused Plaintiff to suffer an allergic reaction and black out. It also appears that Defendant Brown was involved in treating Plaintiff with "cream." Recast Compl. 5. Plaintiff, however, does not allege that Defendant Brown was aware that Plaintiff would suffer complications if Plaintiff took Benadryl or that Defendant Brown knowingly misdiagnosed Plaintiff and purposefully provided ineffective treatment. Plaintiff's adverse reaction to one treatment and misdiagnosis, without more, are insufficient to establish deliberate indifference. *See Adams v. Poag*, 61 F.3d 1537, 1543

9

(11th Cir. 1995) ("Mere negligence in diagnosing or treating a medical condition is an insufficient basis for grounding liability on a claim of medical mistreatment under the Eighth Amendment.") (citing *Estelle*, 429 U.S. at 106)). And Plaintiff's allegations do not suggest that Defendant Brown is, or was, aware that Plaintiff's condition persisted or that Plaintiff failed to receive further treatment. Plaintiff has, therefore, failed to state a claim against Defendant Brown, and it is **RECOMMENDED** that Plaintiff's claims against her be **DISMISSED WITHOUT PREJUDICE.**

    *2.    Remaining Defendants*

Plaintiff's allegations are insufficient to establish a causal connection between Defendants Berry, Spike, and King[5] and Plaintiff's failure to receive adequate medical treatment. Because Plaintiff is proceeding *pro se* he is not required to adhere to technical niceties in drafting his Complaint, but even *pro se* plaintiffs must "state with some minimal particularity how overt acts of the defendant caused a legal wrong." *Douglas v. Yates,* 535 F.3d 1316, 1322 (11th Cir. 2008). "[S]ection 1983 'requires proof of an affirmative causal connection between the actions taken by a particular person "under color of state law" and the constitutional deprivation.'" *LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993) (quoting *Williams v. Bennett*, 689 F.2d 1370, 1380 (11th Cir. 1982); *see Alfaro*

---

[5] In the heading of Plaintiff's Recast Complaint, he lists "Unit Manger Kane" as a Defendant. Recast Compl. 1. However, in the "parties" section Plaintiff names "Unit Manager [] King[.]" *Id.* at 4. This appears to be a typographical error. However, to the extent that "Unit Manager King" and "Unit Manger Kane" are separate Defendants, they are both subject to dismissal for the same reason—Plaintiff failed to allege sufficient facts against either.

*Motors, Inc. v. Ward*, 814 F.2d 883, 886 (2d Cir. 1987) (finding that failure to allege that defendants were responsible for the alleged unlawful conduct renders a complaint "fatally defective" on its face).

Plaintiff failed to meet this minimal standard. His Complaint is devoid of well plead factual allegations connecting Defendants Berry, Spike, and King to the violation Plaintiff alleges. Plaintiff did not mention these Defendants in the narrative portion of the statement of his claim and has done nothing more than provide their names and job titles. These Defendants are not liable in a section 1983 lawsuit based on their supervisory roles, titles, or positions of authority alone. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989) ("*Respondeat superior* or vicarious liability will not attach under § 1983."). Consequently, Plaintiff has failed to state a claim against Defendants Berry, Spike, and King and it is **RECOMMENDED** that Plaintiff's claims against them be **DISMISSED WITHOUT PREJUDICE.**

### III. Conclusion

Based on the forgoing, Plaintiff may proceed with his Eighth Amendment deliberate indifference to serious medical needs claims against Defendants Thomas and Smith. It is, however, **RECOMMENDED** that Plaintiff's claims against Defendants Berry, Spike, King, and Brown be **dismissed without prejudice.**

### ORDER FOR SERVICE

It is **ORDERED** that service be made on Defendants Thomas and Smith and that they file an Answer or such other response as may be appropriate under Rule 12, 28 U.S.C.

§ 1915, and the Prison Litigation Reform Act. Defendants are reminded of their duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING & SERVICE OF MOTIONS AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the

unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendant from whom discovery is sought by the Plaintiff. The Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendants (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the Defendants and granted by the court. This 90-day period shall run separately as to Plaintiff and Defendants beginning on the date of filing of

Defendants' answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall **not** be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party. The undersigned incorporates herein those parts of the Local Rules imposing the following limitations on discovery: except with written permission of the Court first obtained, INTERROGATORIES may not exceed TWENTY-FIVE (25) to each party, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and REQUESTS FOR ADMISSIONS under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party. No party is required to respond to any request which exceed these limitations.

### REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred - twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

### COMPLIANCE WITH COURT ORDERS AND REQUESTS

Failure to fully and timely comply with any order or request of the Court, or other

failure to diligently prosecute this case, will result in the dismissal of the failing party's pleadings.  *See* Fed. R. Civ. P. 41.

SO ORDERED AND RECOMMENDED, this 19th day of December, 2018.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE